## THE UNITED STATES EXPRESS COMPANY
### *v.*
### ALBERT M. MEINTS.

1. APPEAL—*when it lies.* Where an appeal is taken from the county court to the circuit court, an appeal lies from the judgment of the circuit court to the Supreme Court.

2. PRACTICE—*in circuit court, on appeal from the county court.* In case of reversal of a judgment of the county court, the circuit judge would, no doubt, in the order reversing the judgment, or otherwise, indicate to the county judge the grounds of reversal, but an opinion is not required to be filed by the circuit judge in such case, and is wholly unnecessary in case of affirmance.

3. SAME—*on appeal from judgment of circuit court affirming judgment of county court.* When a case is appealed from the county to the circuit court, and removed thence to this court, only the errors assigned in the circuit court will be looked into, unless the assignment of errors in this court questions the action of the circuit court. A party will not be permitted to assign errors on the record of the county court in the circuit court, and then assign other and different errors thereon in the Supreme Court.

4. BILL OF EXCEPTIONS — *when necessary.* A bill of exceptions is only necessary to make some matter a part of the record, which otherwise would be no part thereof, and, as the filing of the transcript of the county court in the circuit court upon an appeal makes such transcript a part of the record of the circuit court, and the judgment of the circuit court thereon is a part of the record, no bill of exceptions in the circuit court is necessary to enable the Supreme Court to look into the record sent up from the county to the circuit court and the judgment of the circuit court thereon.

5. PLEDGED PROPERTY—*party unlawfully in possession of, bound to surrender it to the pledgee on demand.* Where property in possession of one as collateral security for a debt due him from the owner is stolen from his possession, and delivered to an express company, the possession by such company is unlawful, and when a demand is made upon them for the property by the lawfully authorized agent of the one from whose possession it was stolen, they should surrender it up, and if they fail to do so, they become liable for the value of the property.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. LUKE H. HITE, for the appellant.

Mr. E. R. DAVIS, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

It appears, from the record in this case, that August Angour delivered to appellee a chest of carpenter tools, as collateral security for $30 he owed appellee; that the chest and tools were stolen or taken from his possession, and removed to St. Louis, without the knowledge of appellee. He thereupon authorized Davis, by power of attorney, to reclaim the chest and tools. Davis followed the wagon from East St. Louis, and found the chest in the office of appellant, in St. Louis. Davis testified that he showed the agent of the company his power of attorney, and demanded the chest, which he then saw in its office. The chest not being delivered to him, he procured a writ from a justice of the peace, and took an officer to execute it, but the chest had been sent away by the express. This all occurred on the same day, and prior to 3 o'clock in the afternoon.

McMasters testified that he was the agent of the company, and in charge of the office; that Davis came to the office and made a demand, but not in writing. He says he asked Davis if he had authority to get the chest, and he said he had not, nor did he show any power of attorney. The agent says he told Davis he must proceed lawfully, and he would get it. He says Davis first came to the office before dinner, and returned with the constable after dinner. This suit was subsequently brought against appellant before a justice of the peace, and the case was taken by appeal to the county court, where, on a trial before the court and a jury, appellee recovered a judgment for $70 and costs, and the company appealed to the circuit court, and thence to this court.

It is insisted, in affirmance of the judgment of the circuit court, that an appeal does not lie to this court, as it is not given by the act conferring the increased jurisdiction upon the county court, and giving an appeal therefrom to the circuit court. We perceive no force in this position.

The 47th section of the Practice Act of 1845 gives an appeal or writ of error from the circuit to the Supreme Court in all cases where the judgment or decree appealed from shall be final, etc. The provisions of this section are broad enough to embrace judgments of the county court, and such has been the long and well settled practice as to appeals from the county court.

It is first urged that the circuit court erred in failing to file an opinion on rendering a judgment of affirmance. We find nothing in the law which requires such an opinion. In case of a reversal, the circuit judge would, no doubt, in the order reversing the judgment, or otherwise, indicate to the county judge the grounds of reversal, that the error might be avoided on another trial, but an opinion is not required even in that case, and is wholly unnecessary in case of an affirmance.

There was no error assigned on the record in the circuit court, that the jury, in the county court, failed to answer the special interrogatories propounded by the court, or rendered any special finding as thus required. When a case is appealed from the county to the circuit court, and removed thence to this court, we will only look into the errors assigned in the circuit court, unless the assignment of errors in this court questions the action of the circuit court. A party will not be permitted to assign errors on that record in the circuit court, then remove the case to this court and assign other and different errors on the record of the county court. To permit such a practice would be virtually allowing an appeal from the county court to the Supreme Court, which is not sanctioned by the act allowing the appeal to the circuit court. Failing to assign such errors in the circuit court, they must be considered as being waived both in that and this court.

It is urged that we should not look into this record, because there is no bill of exceptions made by the circuit court. For the purpose of looking into the record sent up from the county court to the circuit court, and the judgment of that court, no bill of exceptions is necessary, because those are matters of record in the circuit court. On filing in the circuit court the

transcript of the record of the county court, it became a matter of record in the circuit court, and all know the judgment of the circuit court is a part of the record, and need not be shown by a bill of exceptions. A bill of exceptions in such a case, like any other, is only required to make some matter a part of the record, which otherwise would be no part thereof. If motions are made, and affidavits and the like are filed in the circuit court on such an appeal, to became a part of the record, they should be made such by a bill of exceptions.

The evidence shows that appellee had a valid lien on the chest of tools, and was rightfully in possession, and was entitled to retain the possession until his debt should be paid. This being so, the possession by the person of whom appellant received the chest was wrongful, and it acquired no better or superior right, and its possession was equally wrongful. And when the demand was made upon it for the property by the lawfully authorized agent, it should have surrendered it up to him; and failing to do so, it became liable for the value of the property. Had it delivered the property to appellee's agent, it could have justified by showing that appellee had the legal and superior right to the possession of the property. And had its agent been disposed to act fairly, he had only to delay sending the chest forward one train, and the chest would have been legally taken from appellant, and it relieved from all liability by simply giving notice to the person of whom it received the chest, that suit had been brought, and he must make defense.

The jury have found a demand, and that Davis was regularly empowered to make the demand, and the evidence warrants the finding. Nor do we see that the instructions were calculated to or could have misled the jury.

Perceiving no error in the record, the judgment of the circuit court must be affirmed.

*Judgment affirmed.*